## CIRCUIT COURT OF BEDFORD COUNTY

Lisa M. White

v.

Dominion of Bedford

May 7, 1999

Case No. CL98009484-00

BY JUDGE JAMES W. UPDIKE, JR.

A pre-trial hearing was conducted in the captioned matter on May 3, 1999. I feel it appropriate to discuss, first of all, my understanding of the nature and subject matter of this hearing.

On December 1, 1998, the plaintiff, Lisa M. White, filed her motion for judgment against defendant, Dominion of Bedford. In response, defendant filed a demurrer and a grounds of defense on December 28, 1998. The demurrer simply stated the following:

> Dominion, pursuant to § 8.01-273 of the Code of Virginia, demurs to Count II and III of plaintiff's Motion for Judgment because they failed to state a claim on which relief can be granted against Dominion.

Defendant's Demurrer and Grounds of Defense, p. 1.

The defendant filed a praecipe on March 16, 1999, that stated the following: "Please take notice that on May 3, 1999, at 2:45 p.m., counsel for Dominion of Bedford will ask that this Court sustain its Demurrer and Plea in Bar to plaintiff's Motion for Judgment."

On April 15, 1999, defendant filed its plea in bar with a supporting memorandum, and plaintiff filed her memorandum in opposition to defendant's plea in bar on April 28, 1999.

During the hearing of May 3, 1999, both counsel argued the plea in bar, but no argument was offered by either counsel as to defendant's demurrer. Moreover, § 8.01-273 of the Code of Virginia provides in pertinent part:

> All demurrers shall be in writing and shall state specifically the grounds on which the demurrant concludes that the pleading is insufficient at law. No grounds other than those stated specifically in the demurrer shall be considered by the court.

Section 8.01-273 of the Code of Virginia.

I do not know whether counsel intended to bring before the court the issue of defendant's demurrer on May 3, 1999, but if so, the demurrer, in my opinion, has not been pleaded in conformity with the requirements of § 8.01-273, nor has it been argued by either counsel. Consequently, I do not know the specific issues, if any, raised by the demurrer. I therefore make no rulings as to the demurrer at this point in the proceedings and will address only the issues raised by defendant's plea in bar.

In its plea in bar and in its supporting memorandum, defendant argues in the first instance that all three counts of plaintiff's motion for judgment should be dismissed with prejudice because these claims are barred, according to defendant, by a release and settlement of claim agreement executed by plaintiff on April 12, 1999, in a related case filed by plaintiff against Chrysler Corporation.

Plaintiff concedes that Count I of her motion for judgment pertaining to breach of warranty is barred by the release. I therefore sustain defendant's plea in bar as to Count I of plaintiff's motion for judgment and dismiss that count with prejudice.

When addressing the remaining counts of the motion for judgment, it is necessary to look to the language of the release itself, which provides in pertinent part:

> With the exception noted below, the undersigned also releases and forever discharges Chrysler Corporation and its authorized dealerships, including each of their officers, directors, employees, successors, assigns, heirs, executors, and administrators from: (1) any and all actions, claims, liability, attorney's fees, costs, and damages which she may have or may have hereafter against any of them arising out of the manufacture, purchase, financing, use of, or repairs performed to the Vehicle and (2) any and all actions, claims, liability, attorney's fees, costs, and damages which she may have against any of them in connection with the action filed in the Bedford County

Circuit Court, case number 98-9315 and styled *Lisa M. White v. Chrysler Corporation*. This release does not preclude the undersigned from pursuing any claims or recovering any damages, including attorney's fees, against Dominion of Bedford for intentional tort, actual or constructive fraud, or violations of the Virginia Consumer Protection Act.

The release and settlement of claim agreement clearly releases Chrysler Corporation and its authorized dealerships from certain claims by plaintiff, but certain specific claims are exempted from the release. When applying an objective analysis of the intent of the parties at the time of execution of the agreement, I find the language of the release and the language of the exemptions to be clear and unambiguous. It is therefore unnecessary to resort to parol evidence to discern the intent of the parties. Moreover, because of the clarity of the language, I do not find the principles of contractual interpretation argued by counsel to be necessary or helpful.

The exemptions clearly state that the release does not preclude the plaintiff "from pursuing any claims or recovering any damages, including attorney's fees, against Dominion of Bedford for intentional tort, actual or constructive fraud, or violations of the Virginia Consumer Protection Act." In its memorandum, defendant argues that a "proper interpretation of the release compels the conclusion that any claims against Dominion for fraud or violation of the VCPA must arise out of something other than the manufacture, purchase, and repair of the Vehicle." (Def's memo., pp. 3, 4.)

It is my opinion, however, that if the release only permits plaintiff to pursue claims against defendant for fraud or violation of the Virginia Consumer Protection Act that do not arise from the manufacture, purchase, or repair of the vehicle, then the exemption clause of the release becomes meaningless. Indeed, under the circumstances stated in the release itself, I can conceive of no claim by plaintiff against defendant that would not arise from the manufacture, purchase, or repair of the vehicle. In my opinion, interpreting the exemption clause as having no meaning is unreasonable and inconsistent with an objective analysis of the intent of the parties at the time of execution of the agreement. I therefore rule that the release and settlement of claim agreement does not bar plaintiff from recovering on Counts II and III of her motion for judgment.

Defendant also argues in support of its plea in bar that the economic loss rule bars plaintiff's recovery on Counts II and III of her motion for judgment. Defendant further argues that plaintiff seeks recovery of purely economic losses and that her cause of action is founded in contract rather than tort.

It is my understanding that the economic loss rule bars a plaintiff from recovering purely economic losses in a negligence action, absent privity. I find it noteworthy that privity between plaintiff and defendant is not disputed in this case and that, among plaintiff's allegations, is an allegation of actual fraud, an intentional act. Nevertheless, it is my opinion that the only issue properly raised by defendant's plea in bar is whether Counts II and III of plaintiff's motion for judgment are barred by the release and settlement agreement. Issues concerning sufficiency of the pleadings and sufficiency of the evidence are not raised by the plea in bar, though they may of course be raised by other means. Consequently, resolution of any issue as to whether plaintiff's cause of action is founded in contract or in tort, or resolution of any issue concerning the economic loss rule, does not resolve the issue of whether plaintiff's claims against defendant are barred by the release and settlement agreement. I have previously found the release and settlement agreement, upon objective analysis of its language, is not a bar to plaintiff's recovery on Counts II and III of her motion for judgment. I therefore deny defendant's plea in bar as to those counts.

During the hearing of May 3, 1999, plaintiff requested leave to amend her motion for judgment. Defendant objected to this motion and argued that it will be prejudiced by such amendment because discovery is nearly complete; that an amendment would necessitate additional discovery; and that an amendment would require the case to be continued from its present trial date of June 3, 1999. Plaintiff responded that the proposed amendment does not change the motion for judgment but merely provides defendant with more particulars concerning the allegations of fraud.

Rule 1:8 of the Rules of the Supreme Court provides that leave to amend "shall be liberally granted in furtherance of the ends of justice." Nevertheless, I feel it important that this motion was brought before the court only a month before the scheduled trial date. Though the defendant may be prejudiced at this late date by the proposed amendment of the motion for judgment, I am not certain of such prejudice. On the other hand, I am presently unaware of any prejudice to the plaintiff should the motion for leave to amend be denied. I am concerned, however, that the proposed amendment, if allowed, may prompt the defendant to request a continuance for reasons it has already stated, and the plaintiff has stated she does not object to a continuance. I do not believe the proposed amendment to the motion for judgment will serve the ends of justice, nor do I believe that such an amendment should be the basis for continuing a case that has been scheduled for some time on the docket of this court by agreement of counsel. I therefore deny plaintiff's motion for leave to amend her motion for judgment.